# CIRCUIT COURT OF LOUDOUN COUNTY

In re Marguerite L. Kohut

February 13, 1997

Case No. (Chancery) 16564

BY JUDGE THOMAS D. HORNE

This matter came before the Court upon the suggestion of the guardian and report of three of the four children of Marguerite L. Kohut. The three children have requested that the Court remove Ms. Mougin-Boal as guardian for Marguerite L. Kohut and replace her with a substitute. For the reasons set forth herein, the Court will deny the relief sought and dismiss the petition.

By Order of this Court entered on April 1, 1996, Christine Mougin-Boal, Esq., was appointed as guardian of the person and estate of Marguerite L. Kohut. In its order, Marguerite L. Kohut was found to be mentally incapacitated and incapable of caring for her basic needs. There are four children who were born to Mrs. Kohut, to wit: George J. Kohut, Mary Kohut O'Neill, Michael L. Kohut, and Anne H. Kohut. At the time of the appointment of the guardian, the Court found that, in addition to having joint ownership with Anne H. Kohut in a parcel of real estate valued as of March 1, 1996, at $238,000.00, Marguerite L. Kohut had personal property worth approximately $6,972.00, a life insurance policy worth approximately $4,000.00, and an aggregate monthly income of $1,810.00 from Social Security and the Veterans Administration.

Marguerite L. Kohut has continued to reside at the Sunrise At Countryside community since the guardian was appointed. It is the Court's understanding that at the present time all of the children are in agreement that this is the appropriate residence for her. Upon a consideration of the record, it would appear to the Court that the decision of the guardian with respect to the daily care of her ward at Countryside is both appropriate and beneficial.

By letter dated October 15, 1996, George J. Kohut corresponded with the court concerning the handling of the estate of his mother by Ms. Mougin-Boal. In his letter, George J. Kohut reported that there had been a lack of

communication between the guardian, Mr. Kohut, and two of his siblings, Michael and Mary. In addition, he suggested that the guardian might be planning certain actions which he did not believe were in his mother's best interest.

In response to the inquiry from Mr. Kohut, this Court directed that the Clerk place the matter of the administration of the guardianship on the docket of this Court for review. Following the scheduling of the review hearing for November 1, 1996, the court received additional correspondence from Mary O'Neill in which Mrs. O'Neill addressed her concerns regarding the disposition and handling of her mother's interest in a piece of real property jointly titled in the names of Marguerite L. Kohut and Anne Kohut. Additionally, she questioned the validity of her mother's most recent will and the method by which the guardian proposed disposing of the personal property of her ward.

On October 4, 1996, the guardian filed with the Commissioner of Accounts of this Court the inventory of the estate of Marguerite L. Kohut. The inventory was approved by the Commissioner on November 4, 1996, and received in the Clerk's office and admitted to record on November 5, 1996. In her inventory, the guardian listed as assets of the estate, personal property having a value of $9,964.28; the joint interest with Anne K. Kohut in the real property located in Ashburn, Virginia, with an equity value of $3,000.00; and the monthly payments from Social Security and the Department of Veterans Affairs, aggregating $1,801.00.

On November 1, 1996, the guardian filed a report with the Court. In her report, the guardian described her actions relative to her initial administration of the estate. In this report, she noted the filing of her inventory and the need to amend the inventory to include the value of a whole life insurance policy with USAA valued at $6,844.00.

The report of the guardian sets forth the deposits and disbursements since the date of qualification as well as the conferences which she had with various family members. Attached to the report are numerous letters relating to contacts made by the guardian with various family members.

In addition to stating her accounts and a record of her activities, the guardian set forth in writing for the consideration of the court a plan for the continued care of her ward. In the letters previously noted, certain of the children of Marguerite Kohut express their concerns about what they perceive to be inactivity on the part of the guardian in the management of the estate.

Many of the concerns expressed to the guardian center on the real estate jointly titled in the name of Marguerite L. Kohut and her daughter, Anne. As the court noted at the instant hearing, these are matters to be addressed when,

and if, the property is sold and there is an accounting had between the co-tenants. Sections 8.01-31; 8.01-67, et seq., Code of Virginia, as amended.

On February 5, 1997, the guardian filed with the Court a second report. Pursuant to the Court's direction, the commissioner conducted a hearing on November 15, 1996, in order to review the information provided by the report. Attached to the report is the accounting filed by the guardian with the Commissioner of Accounts.

Three of the four children of Marguerite L. Kohut filed with the Court a report pursuant to the request of the guardian. Mr. George J. Kohut appeared at the hearing held on February 13, 1997, as did his sister Anne and the guardian, Christine Mougin-Boal. In their report, the three children petitioned the Court for the removal and substitution of the guardian. Sections 26-3, 26-47, 31-14, Code of Virginia. They suggest that a rule should issue as to the guardian based upon (1) certain of the family members feeling aggrieved; (2) certain of the family members feeling their mother's interests were being neglected, especially with reference to the issue of the real property and (3) certain of the family members feeling a serious breach of trust between the family and the guardian has occurred.

The Court finds that none of the stated reasons necessitate the issuance of a rule or grounds for removal of the guardian.

As the Court noted, the guardian in this case is required to annually settle her accounts before the Commissioner of Accounts. Section 26-17, Code of Virginia. These accounts are a public record and subject to inspection and exception.

The guardian in this case has filed her account with the Commissioner of Accounts. While it may be advisable for a guardian to seek guidance from others, including family members, in the administration of her office, her duty is one of fealty to her ward. The fact that family members may feel aggrieved or left out of the decision-making process, while unfortunate, does not constitute grounds for removal.

As has been mentioned earlier, neither the guardian nor Anne H. Kohut may transfer Marguerite L. Kohut's interest in the real property. This may be done only in strict accordance with the applicable statutes and approval of the Court. Many of the objections raised by the petitioners should be reserved if, and until, such a proceeding is commenced. Any distribution of the proceeds of sale would likewise be subject to judicial review.

The Court can find in this record no neglect or breach of trust by the guardian which would justify her removal. Contrary to what has been asserted, the guardian has accounted in detail for the assets coming into her possession and has justified her expenditures on behalf of her ward. Her actions evidence

a desire to ensure a quality of life for her ward consistent with her needs and the resources available to her.

As noted earlier, issues such as the validity of certain testamentary documents and of the interest of Marguerite L. Kohut in the jointly-titled marital home are not relevant to the outcome of the instant petition. Petitioners may, however, raise these issues if, and when, they are properly laid before the court.

Accordingly, the Court declines to issue a rule in this case and will dismiss the petition.